IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**RIGHTEOUS JONES,**

                Plaintiff,           Civil Action No. 5:09-CV-105 (HL)

    v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

                Defendant.

**ORDER**

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income benefits. On December 28, 2005, Plaintiff filed an application for supplemental security income benefits. In his application, he alleged disability beginning January 1, 1980. The application was denied initially and upon reconsideration.

Pursuant to a request by Plaintiff, the matter was brought before an Administrative Law Judge ("ALJ") for a hearing. The ALJ found that Plaintiff was not disabled in a written decision dated March 15, 2007. Plaintiff timely appealed this unfavorable decision to the Appeals Council. The Council denied the request for review in a decision dated January 16, 2009, making the hearing decision the final decision of the Commissioner. On March 11, 2009, Plaintiff filed his complaint (Doc. 1) requesting reversal or remand of the case.

**I.    LEGAL STANDARDS**

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420 (1971). The Court's role in reviewing claims brought under the Social Security Act is, therefore, a narrow one. The Court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. Id. The initial burden of establishing disability is on the claimant. Kirkland v. Weinberger, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. Oldham v. Schweiker, 660 F.2d 1078 (5th Cir. 1981).

---

[1]Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986); see also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986).

A claimant asserting entitlement to benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition, and with regard to claims for a period of disability and disability insurance benefits, the claimant must meet the insured status requirements set forth in sections 216(i) and 223 of the Social Security Act.

With respect to analyzing the issue of disability, the Commissioner utilizes a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. Id.

II. **ADMINISTRATIVE PROCEEDINGS**

At the time of the hearing on his claim, Plaintiff was 41 years old. He has a ninth grade education, and no past relevant work experience. Plaintiff alleges disability arising from headaches and left eye blindness as a result of a gunshot wound.

The ALJ employed the five step evaluation process as follows: At step one, the ALJ observed that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. At step two, the ALJ found that Plaintiff's history of gunshot wound to the left side of the face with residual left eye blindness, hypertension, and headaches are considered severe impairments. At step three, the ALJ determined that these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

Before moving on to step four, the ALJ evaluated Plaintiff's residual function capacity ("RFC"), and determined that "based on a thorough analysis of all the evidence including an analysis of the claimant's pain symptoms under the Regulations, the ALJ finds that the claimant has a residual functional capacity to perform medium work generally, with no ladders or scaffolds, no dangerous or fast moving machinery." (Tr. 14-15). At step four, the ALJ noted that Plaintiff has no apparent past relevant work experience. Finally, at step five, the ALJ considered whether other suitable work was available to Plaintiff. Given Plaintiff's RFC, age, education, and work experience, the ALJ found that there are a significant number

of jobs existing in the national economy which Plaintiff could perform. Accordingly, the ALJ concluded that Plaintiff was not disabled.

## III. PLAINTIFF'S CLAIM

In this action, and in support of his request for remand or reversal, Plaintiff enumerates only one issue for the Court's review: Whether the ALJ improperly discounted the opinion of Plaintiff's treating physician on how his medical conditions impacted his ability to perform work activity.

## IV. DISCUSSION

Plaintiff contends that the ALJ erred by discounting the opinion of his treating neurologist, Douglas Chang, M.D. In support of this argument, he begins by noting that, as his treating physician, Dr. Chang's opinions "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2003). Plaintiff goes on to note that Dr. Chang is also a specialist, and he contends that Dr. Chang's opinion should have been afforded more weight than the opinion of a source who is not a specialist. King v. Barnhart, 320 F.Supp.2d 1227, 1231-1232 (N.D. Ala. 2004); *see also*, 20 C.F.R. Section 404.1527(d)(5).

In his decision, the ALJ discussed Dr. Chang as follows:

> In February, 2007, Douglas Chang, M.D., stated that due to the claimant's headaches and their associated problems, the claimant would be absent about 4 times a month. However, he was capable of low and moderate

5

> stress jobs (Exhibit B6F). The undersigned notes that Dr. Chang's assessment about absenteeism is based entirely on the claimant's own self reported symptoms and not based on any objective findings. It is given little weight accordingly.

(Tr. 14).

Plaintiff alleges that the ALJ's assessment of Dr. Chang's opinion cannot be adequate where the ALJ did not acknowledge Dr. Chang's status as a treating physician and as a specialist. He contends that the ALJ ignored limitations discussed by Dr. Chang in his questionnaire, including limitations related to a need to take unscheduled breaks to obtain pain relief and an inability to concentrate and function during headaches. Plaintiff also argues that the basis for rejecting Dr. Chang's opinion about Plaintiff's absenteeism from work was improper, as Dr. Chang never stated that he based his conclusions only on what Plaintiff told him, but instead cited positive test results supportive of his diagnosis, and concluded that Plaintiff's impairments were reasonably consistent with his symptoms and functional limitations.

In response to the above contentions, the Commissioner first states that there is no requirement that the ALJ specifically declare Dr. Chang a treating source or state that he is a neurologist. The Court agrees, and notes that Plaintiff has not cited to any authority regarding such a requirement.

With regard to Plaintiff's arguments about giving Dr. Chang's opinions greater weight, the Commissioner states that even if Dr. Chang is considered a treating

source, the ALJ properly evaluated Dr. Chang's conclusions and declined to accept them. He notes that a treating physician's opinion should be accorded controlling weight but only if it is "well supported by medically acceptable . . . techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2). The Commissioner states correctly that a treating physician's opinion may be disregarded if good cause is shown. Good cause exists when (1) the treating physician's opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion is conclusory or inconsistent with the doctor's own medical records. See Phillips, 357 F.3d at 1240-41. The Commissioner also notes that the Eleventh Circuit has found that an ALJ properly discounted a treating physician's opinion where it was inconsistent with his own treatment notes, was unsupported by other objective evidence, and was based primarily on the plaintiff's subjective complaints. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004). In addition, an ALJ may reject unsubstantiated statements from a treating physician. Hudson v. Heckler, 755 F.2d 781, 784 (11th Cir. 1985).

The Commissioner argues that the ALJ was correct in giving little weight to Dr. Chang's opinion, as he provided little to no narrative or insight into the reasons behind his conclusions. The Commissioner notes that the longest narrative was a listing of Plaintiff's subjective complaints. He argues that an ALJ may discount a physician's opinion where it is based on a plaintiff's subjective complaints and not

7

on objective testing or examination, and that while Dr. Chang indicated there were positive CT scan and EEG test results to support his findings, he did not elaborate or explain what those test results revealed. The ALJ examined those reports, and noted that both were normal. The Commissioner argues that Dr. Chang's opinion has little probative value because his conclusions are not supported by his own medical reports.

In addition, the Commissioner notes that the ALJ found that there were internal inconsistencies in Dr. Chang's report, as Dr. Chang stated that Plaintiff would be absent four times a month and had to take unscheduled breaks, but he also concluded that Plaintiff was capable of low and moderate stress jobs. Under the regulations, if inconsistent evidence exists, the Commissioner will weigh all of the evidence to determine if there is enough evidence to make a disability determination. 20 C.F.R. § 416.927(c)(2). The Commissioner also has authority under this regulation to resolve inconsistencies in medical evidence. 20 C.F.R. § 416.927(c)(4).

The Court finds that the ALJ's decision to afford little weight to Dr. Chang's opinion is supported by substantial evidence. The ALJ pointed to specific reasons for assigning little weight to Dr. Chang's opinion, most importantly that his opinion is not based on any objective medical findings.

V.  **CONCLUSION**

As the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is affirmed.

**SO ORDERED**, this 28th day of April, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh